UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JENNIFER VALENTINE
    Plaintiff,

v.                                     Case No.: 6:22-CV-1803

THE AD LEAF MARKETING FIRM, LLC
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER VALENTINE, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, THE AD LEAF MARKETING FIRM LLC, ("AD LEAF" or "Defendant") and states as follows:

### *Introduction*

1.    This is an action by the Plaintiff against her former employer for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq.

### *Parties, Jurisdiction, and Venue*

2.    Plaintiff, JENNIFER VALENTINE, is a resident of Brevard County, Florida.

3.    Defendant, AD LEAF, is a Florida Company, registered and conducting business in Brevard County, Florida.

4. At all times relevant, Defendant, AD LEAF, did business as a Marketing and Advertising company with its principal office located at 2238 Sarno Rd, Melbourne, FL 32935.

5. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

6. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

7. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent her interest in this matter, and Plaintiff has agreed to pay, said firm a reasonable attorney's fee for its services.

*General Allegations*

8. Plaintiff was a non-exempt, hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

9. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

10. At all times relevant, AD LEAF was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has two or more employees and its annual gross volume of sales made or business done is not less than $500,000.

11. AD LEAF employees, including Plaintiff, handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

12. AD LEAF is a Marketing and Advertising company which provides traditional and digital marketing services to clients throughout Florida and the United States, including Content Creation, Email and Text Message Marketing, Social Media Marketing, Reputational Management, Geofencing, Google Ads Management, Web Design and Programing, IT Services, and Search Engine Optimization, which endeavors to improve client's rankings in online search engines, such as Google and Bing.

13. AD Leaf designs and effectuates marketing campaigns with social media channels, such as Facebook, YouTube, Instagram, Twitter, LinkedIn, TikTok, Pinterest, Snapchat, Yelp, which broadcast content around the world and beyond.[1]

14. According to its website, AD LEAF provides marketing services nationwide but specializes in Florida, Baltimore, Washington DC, Manhattan, Minneapolis, Chicago, Nashville, Dallas, Houston, Austin, Los Angeles, San Francisco, Phoenix, and Las Vegas.[2]

---

[1] https://starlust.org/can-astronauts-use-social-media-from-space/
[2] https://www.theadleaf.com/locations

15. Plaintiff started working for Defendant on or about July 11, 2022, as a Team Leader in the Content Division. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

16. In furtherance of her job duties, Plaintiff created content for clients throughout the nation, including California and Texas, for multiple online platforms, utilized online analytics to optimize content creation, developed content marketing initiatives for nationwide clients, and wrote content for client's web pages, blogs, and emails. Plaintiff communicated with out-of-state clients utilizing interstate lines of communication and utilized online resources in furtherance of her job duties which included data which traveled through interstate commerce. The byproduct of Plaintiff's work was intended for clients and customers throughout the nation and the world on the World Wide Web.

17. AD LEAF's Instagram profile describes the company as "An international firm rooted in Florida's Space Coast. 🌍 Marketing, Graphics, Web Design, Video, SEO, PPC, SEM"

18. AD LEAF used Plaintiff's likeness in its own online marketing materials, including a Mother's Day post on Instagram on May 8, 2022.

19. Plaintiff's employment with Defendant ended on or about August 15, 2022.

20. After the end of her employment, Plaintiff received her final paycheck and noticed that it did not include overtime compensation.

21. Plaintiff complained to AD LEAF regarding the lack of overtime in her final check, but was told that the contract she signed in July 2022 states that she is "salaried and exempt".

22. In fact, the contract that Plaintiff signed states that she is to be paid $19.25[3] per hour and there is no mention of an exempt status.

23. Plaintiff's final paycheck also states that her pay class is "hourly" and she was paid on an hourly basis.

### COUNT I – RECOVERY OF OVERTIME COMPENSATION FLSA

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 of this Complaint, as if set forth in full herein.

25. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

26. Plaintiff was a non-exempt employee of Defendant working as a Team Leader in the Content Division at AD LEAF's Advertising and Marketing company who worked in excess of 40 hours during a workweek but was not paid

---

[3] Plaintiff's rate of pay was subsequently increased to $19.50.

at a rate of one- and one-half times her regular rate for each hour worked over 40 during a workweek.

27.    Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per week.

28.    During her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

29.    Plaintiff's workweek ran from Monday to Sunday.

30.    Plaintiff's hourly rate was $19.50 per hour.

31.    During her final workweek beginning on Monday, August 8, 2022, and ending on Sunday, August 14, 2022, Plaintiff worked 57.83 hours.

32.    Plaintiff submitted her time to AD LEAF for this workweek and AD LEAF approved the full 57.83 hours.

33.    In her final paycheck, AD LEAF paid Plaintiff for all 57.83 hours at a rate of $19.50 per hour but did not pay an overtime premium for those 17.83 hours worked in excess of 40 during the workweek.

34.    Plaintiff is owed $173.84 in unpaid overtime.

35.    Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

36. Plaintiff does not possess the complete records relating to their work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

37. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which he may be entitled, including, but not limited to:

    a. Judgment for unpaid overtime compensation in the amount of $173.84;

    b. Liquidated damages in the same amount pursuant to 29 U.S.C. § 260;

    c. An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

    d. All other damages to which Plaintiff may be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 4th day of October 2022.

ARCADIER, BIGGIE & WOOD, PLLC.

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@ABWlegal.com
Secondary Email: Wood@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075